UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ARNAO

Plaintiff,

v.

TEAM MANAGEMENT OF PASCO, INC.

Defendant.

Case No.:

**- COMPLAINT AND DEMAND FOR JURY TRIAL -**

Plaintiff MICHAEL ARNAO by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, TEAM MANAGEMENT OF PASCO, INC.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiff MICHAEL ARNAO, (hereafter "Plaintiff") against his former employer, Defendant TEAM MANAGEMENT OF PASCO, INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and unpaid wages.

2. During the term of Plaintiff's employment for Defendant, Plaintiff performed work for Defendant in excess of forty hours in a workweek for which he was not compensated at one-and-a-half times his regular rate

of pay. Plaintiff performed duties prior and subsequent to his scheduled shift but was not fully compensated for that time.

3. Consequently, Defendant was not fully compensating all hours, including those in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Pasco County has the greatest nexus with the cause because it is the place where Defendant conducted business.

## PARTIES

6. Plaintiff, MICHAEL ARNAO, a resident of Pasco County, was a former employee of Defendant who worked at TEAM MANAGEMENT OF PASCO, INC.

7. Plaintiff, MICHAEL ARNAO, is an employee as defined by the laws under which this action is brought.

8. Defendant TEAM MANAGEMENT OF PASCO, INC. is an employer as defined by the laws under which this action is brought.

9. Defendant TEAM MANAGEMENT OF PASCO, INC. operates a commercial landscaping and maintenance company that provides

services such as lawn care, fertilization, irrigation, pest control, and storm damage clean up.

10. Defendant TEAM MANAGEMENT OF PASCO, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

## COVERAGE

11. Defendant TEAM MANAGEMENT OF PASCO, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12. Defendant TEAM MANAGEMENT OF PASCO, INC. is engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, wire transfers and/or checks from banks located outside the state of Florida, and by purchasing (and or/renting) materials and/or equipment, pesticides, insecticides, fertilizer, plants, grass, sod, and a plethora of other items, each manufactured across state lines, for the purpose of providing commercial maintenance services.

13. Defendant also hosts one or more websites viewed by potential customers across state lines, and sends faxes, emails, and other communications across state lines.

14. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

15. Defendant TEAM MANAGEMENT OF PASCO, INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

16. During the term of his employment, Plaintiff MICHAEL ARNAO was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

17. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

18. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

19. Plaintiff MICHAEL ARNAO was employed by Defendant TEAM MANAGEMENT OF PASCO, INC. from June 2018 to December 2019.

20. Plaintiff held a crew member position at the time of separation.

21. Plaintiff's duties included maintenance and landscaping.

22. Plaintiff was an hourly employee.

23. Plaintiff's last hourly rate was $14.75 per hour.

24. During his employment with Defendant, Plaintiff was classified as non-exempt.

25. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

26. Plaintiff performed duties (such as loading/unloading and sharpening) prior and subsequent to his scheduled shift but was not fully

compensated for the time he performed those duties. Additionally, Plaintiff was required to arrive at the shop earlier than the scheduled shift.

27. At times, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one-and-one-half times his regular rate of pay.

28. Regarding the duties performed by Plaintiff prior and subsequent to his scheduled shift, it is estimated that Plaintiff was not paid for 2.5 hours a week, during 75 weeks.

29. Defendant TEAM MANAGEMENT OF PASCO, INC. was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

30. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

31. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue because preliminary and postliminary time was usually not included in the time sheets completed by Plaintiff's supervisor.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

32. Plaintiff MICHAEL ARNAO re-alleges and incorporates the allegations contained in Paragraphs 1 through 31 above.

33. Defendant TEAM MANAGEMENT OF PASCO, INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

34. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff MICHAEL ARNAO is entitled to damages, liquidated damages, attorney's fees, and costs.

## COUNT II
## UNPAID WAGES UNDER FLORIDA COMMON LAW

36. Plaintiff MICHAEL ARNAO re-alleges and incorporates the allegations contained in Paragraphs 1 through 31 above.

37. During the period of his employment, Plaintiff MICHAEL ARNAO performed work for Defendant TEAM MANAGEMENT OF PASCO, INC. and Defendant agreed to compensate Plaintiff for all hours worked.

38. Defendant TEAM MANAGEMENT OF PASCO, INC. failed and refused to compensate Plaintiff all wages owed by not fully copensating for preliminary and postliminary time.

39. As a result of the foregoing, Plaintiff MICHAEL ARNAO has suffered damages and has incurred in attorneys' fees and costs.

40. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in the prosecution of his unpaid wages claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL ARNAO respectfully requests judgment against Defendant TEAM MANAGEMENT OF PASCO, INC., and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's unpaid wages pursuant to Florida Common Law;

f. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

g. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

41. Plaintiff requests a jury trial to the extent authorized by law.

| | |
|---|---|
| Dated: December 26, 2019. | Respectfully submitted,<br><br>**CYNTHIA GONZALEZ P.A.**<br>1936 W MLK Blvd.<br>Suite 206<br>Tampa, Florida 33607<br>Telephone: 813.333.1322<br>Toll free: 888.WagesDue<br>Fax: 866.593.6771<br>🖱 WagesDue.com<br><br><u>s/ Cynthia Gonzalez</u><br>Cynthia M. Gonzalez<br>Florida Bar No. 53052<br>Attorney for Plaintiff<br>cynthia@wagesdue.com |