## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This **SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "**Settlement Agreement**") is entered into this 21 day of February, 2020 (the "**Effective Date**"), between and among **MICHAEL ARNAO**, an individual ("**Arnao**" or "**Plaintiff**"), and **TEAM MANAGEMENT OF PASCO, INC.**, a Florida corporation ("**Team Management**" or "**Defendant**"). Arnao and Team Management shall individually be referred to as a "**Party**" and shall together be referred to as the "**Parties.**"

### WITNESSETH:

**WHEREAS**, Arnao filed a Complaint ("**Complaint**") against Team Management captioned *Michael Arnao v. Team Management of Pasco, Inc.,* in the United States District Court for the Middle District of Florida, Tampa Division, bearing the case number: 8:19-cv-03161-TPB-AAS (the "**Lawsuit**") alleging the following counts: unpaid overtime compensation (Count I); and unpaid wages (Count II); and alleging that Team Management is liable for overtime compensation, liquidated damages, pre-judgment interest, Arnao's unpaid wages, and attorney fees and costs under the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 216(b) and Section 448.08, Fla. Stat.;

**WHEREAS**, Team Management denies and continues to deny any and all allegations contained in the Complaint, and specifically denies that its pay practices failed to comply with FLSA or any other federal or state law;

**WHEREAS**, the Parties have considered that the interests of all Parties are best served by compromise, settlement and the dismissal of the Complaint with prejudice, and have concluded that the terms of this Settlement Agreement are fair, reasonable, adequate, and in their mutual best interests; and

**WHEREAS**, the Parties desire to settle the Lawsuit upon the terms and subject to the conditions set forth in this Settlement Agreement; and,

**NOW, THEREFORE,** for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereto, in consideration of the mutual covenants, promises, payments and conditions set forth herein and intending to be legally bound hereby, agree as follows:

1. **Settlement**: The Parties acknowledge and agree that this Settlement Agreement and the consideration provided have been and received solely on the basis of a compromise of disputed claims, and that this Settlement Agreement is not, and should not be construed as an admission by Team Management of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act or fat whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulations or order.

2. **Settlement Payment and Conditions**. Team Management hereby agrees to pay Arnao and his counsel a total gross sum of Four Thousand One Hundred Ten and No/100 Dollars ($4,110.00) (the "**Settlement Amount**") in full and complete satisfaction of any and all claims under any federal, state or local, wage-hour or overtime pay laws and/or regulations within ten (10) calendar days of the Court's final approval of the Settlement Agreement in the manner set forth below:

    a. Two checks shall be made payable to "Michael Arnao." The first check shall be made payable to Arnao for payment of unpaid wages, shall be in amount of $1,050.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided

to Arnao by Team Management. The second check shall be made payable to "Michael Arnao" for liquidated damages, shall be in the amount of $1,050.00), and shall be reflected on a 1099 IRS form "other income" provided to Arnao by Team Management.

   b. The third check shall be made payable to "Cynthia Gonzalez PA," Arnao's counsel, as and for attorneys' fees and costs and shall be in the amount of $2,010.00. The Parties negotiated the attorneys' fees and costs independently. Arnao and his counsel understand and agree that any fee payments made under this Settlement Agreement will be the full, final and complete payment of all attorneys' fees and costs arising from or relating to the representation of Arnao and/or prosecution of the Lawsuit.

   c. The Parties agree that the three (3) checks identified in Paragraphs 2 (a)-(b) will be sent by certified mail to Cynthia Gonzalez PA at 1936 W. MLK Blvd., Suite 206, Tampa, Florida 33607 within ten (10 calendar) days of the Court's final approval of the Settlement Agreement.

   d. Payment of the Settlement Amount due under this Settlement Agreement is contingent upon the Court approving this Settlement Agreement.

   e. Arnao and Arnao's counsel are solely responsible for complying with any and all tax obligations arising from receipt of their respective portions of the Settlement account (other than the employer withholding obligation described in Paragraph 2(a) above). Arnao hereby indemnify Team Management from any and all obligations with respect to taxes that may my due on the liquidated damages and attorneys' fees and costs portions of the Settlement Agreement.

  3. **Dismissal of Lawsuit**: Arnao promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Lawsuit, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the Parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Team Management's improper payment of wages to Arnao during his employment by Team Management through the Effective Date of this Settlement Agreement.

  4. **Limited Release and Waiver of Rights and Claims by Arnao**. Effective upon both Parties' execution and delivery of this Settlement Agreement and the Parties' full compliance with the terms contained herein, in return for the consideration described herein, Arnao unconditionally releases and forever discharges Team Management, and its officers, directors, agents, employees, successors, and assigns, and all affiliated business entities of Team Management, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, which Arnao ever had, may now have or hereafter can, shall or may have, arising under any federal, state or local, wage-hour or overtime pay labor laws and/or regulations, or contractual right to payment from the beginning of time to the Effective Date of this Settlement Agreement, including, but not limited to:

Doc ID: bba050e254a1f8af82fbec488d3f16f4adb1c80d

      a.    All claims under The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and any other federal, state or local law relating to employee wages and hours;

      b.    All claims alleging breach of promise, breach of contract or implied contract;; or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity, in any such case as such claims relate to unpaid wages or overtime pay;

      c.    The Parties agree that this Paragraph shall release Team Management from liability to the fullest extent permitted by law and only to the extent permitted by law with respect to any and all claims for wages and overtime pay.

5.    **No Assignment of Claims**. Each of the Parties warrants and represents to the other that none of the Claims released above have been assigned or transferred, and that he or it has full, exclusive and unencumbered right, title and interest in and to them.

6.    **No Admission of Fault**. This Settlement Agreement is the result of a compromise of a disputed amount. It is understood that the execution and performance of this Settlement Agreement by the Parties does not constitute, nor shall it be construed as, an admission that any of the Parties has violated any law, rule, regulation or ordinance of the United States of America or any state or municipality therein. Each of the Parties explicitly denies any liability to the other Parties.

7.    **Advice of Counsel; Choice of Law; Attorneys' Fees**. Each Party acknowledges that he or it has been advised to and has been given the opportunity to have this Settlement Agreement reviewed by such Party's own legal counsel prior to signing this Settlement Agreement. This Settlement Agreement and the rights of the Parties shall be governed by and interpreted and enforced in accordance with the laws of the State of Florida without reference to the conflicts or choices of law provisions of such state. In the event that either Party files a suit in connection with this Settlement Agreement, any provisions contained herein the Party which prevails in such action shall be entitled to recover, in addition to all other remedies or damages, reasonable attorneys' fees (including such fees incurred in any bankruptcy, collections and appellate proceedings) and court costs incurred in such suit.

8.    **Entire Agreement**. This Settlement Agreement constitutes the entire agreement between the Parties relating to the subject matter hereof. All prior understandings and agreements between the Parties relating to the subject matter hereof are merged in this Settlement Agreement, which expresses the Parties' complete understanding. This Settlement Agreement may not be altered, amended or changed except by court approval and written instrument signed by and on behalf of each of the Parties hereto.

9.    **No Construction Against Drafter**. Each Party has had the opportunity to have this Settlement Agreement reviewed by legal counsel of their own choosing. This Settlement Agreement shall accordingly be construed mutually and reciprocally, and not more favorably with respect to any Party on the basis of draftsmanship.

10.    **Neutral Employment Reference**. As of the Effective Date of this Settlement Agreement, Team Management agrees it will respond to any properly directed reference requests from prospective employers of Arnao with a neutral employment reference consisting of only dates of employment, positions held, and last salary amount.

11.    **Severability**. Any provision of this Settlement Agreement which is invalid or unenforceable in any jurisdiction shall be ineffective to the extent of such invalidity or unenforceability

Doc ID: bba050e254a1f8af82fbec488d3f16f4adb1c80d

without invalidating or rendering unenforceable the remaining provisions hereof, and any such invalidity or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

12. **Authority to Execute**. Each Party warrants and represents to the other that its execution of this Settlement Agreement has been duly authorized by all necessary corporate or other action by such Party and that it has all requisite rights to grant the releases provided in this Settlement Agreement.

13. **Counterparts; Electronic Signatures**. This Settlement Agreement may be executed in two counterparts, each of which shall be deemed an original instrument, but both of which counterparts together shall constitute one and the same instrument. A faxed signature page or a scanned signature page in .pdf format sent by email shall be considered the same as an originally signed signature.

[SIGNATURE PAGE FOLLOWS]

Doc ID: bba050e254a1f8af82fbec488d3f16f4adb1c80d

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement as of the Effective Date stated above.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

_____
**MICHAEL ARNAO**, individually

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

**TEAM MANAGEMENT OF PASCO, INC.**

By: _Linda Zolton_____
Linda Zolton
Print Title: _V.P._____

Doc ID: bba050e254a1f8af82fbec488d3f16f4adb1c80d